UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JONATHAN JACOBS

VERSUS

JOHN WELLS, ET AL.

CIVIL ACTION

NO. 16-865-BAJ-EWD

## RULING ON MOTION TO COMPEL

Before the court is a Motion to Compel Discovery (the "Motion to Compel") filed by plaintiff, Jonathan Jacobs ("Plaintiff"). Defendants, Captain John Wells and Lieutenant Michael W. Collins ("Defendants"), have filed an Opposition.[1] Plaintiff has filed a Motion for Leave of Court to File a Reply (the "Motion for Leave").[2] The Motion for Leave[3] is **GRANTED**. The Motion to Compel is **DENIED WITHOUT PREJUDICE**.[4]

Per the Motion to Compel, Plaintiff seeks an order compelling Defendants to "fully respond" to certain interrogatories and requests for production of documents. Plaintiff contends that a letter was sent to defense counsel on September 26, 2017 outlining various deficiencies in Defendants' responses, and requesting that counsel for Defendants participate in a discovery conference pursuant to Fed. R. Civ. P. 37. Based on the communications attached to both the Motion to Compel and Defendants' Opposition, it appears that contentious emails were sent back and forth between counsel for the parties attempting, unsuccessfully, to schedule the required

---

[1] R. Doc. 26.

[2] R. Doc. 27.

[3] R. Doc. 27.

[4] A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 98-cv-2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, Civil Action No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter.").

discovery conference.[5] While a conference was apparently scheduled for October 9, 2017, counsel for Plaintiff asserts that she "had a family emergency and Defendant's Counsel agreed to move the conference to her next available date, October 10, 2017."[6] Counsel for Defendants contends in turn that "[o]n the morning of October 10, 2017, [she] requested that the October 10, 2017…Discovery Conference be rescheduled because of an unexpected appointment that [defense counsel] could not miss."[7] Following the cancelation of the October 10, 2017 date, Plaintiff filed the instant Motion to Compel on October 13, 2017. In opposition to the Motion to Compel, Defendants argue that Plaintiff's counsel unreasonably refused to reschedule the Rule 37 discovery conference and because no conference has taken place, the Motion to Compel should be denied.[8] In Reply, Plaintiff contends that the September 26, 2017 deficiency letter and subsequent attempts to schedule a conference constitute compliance with Rule 37.[9]

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[10] Failure to comply with the meet and confer requirement may constitute sufficient

---

[5] *See*, R. Docs. 25-7, 25-8, 25-9, and 26-1. Based on this email correspondence, the court reminds counsel for both parties of their professional obligation to be civil and courteous to each other.

[6] R. Doc. 25, ¶ 11.

[7] R. Doc. 26, p. 2.

[8] R. Doc. 26, p. 4. ("Opposing counsel's refusal to grant the only extension granted [sic] was unreasonable, in light of the many extensions granted to her. It is clear from the refusal to reschedule the Fed. R. Civ. Proc. 37.1 Discovery Conference that Plaintiff's counsel had no intention of participating in said conference in good faith…").

[9] R. Doc. 27-2, p. 3 ("the Defendants were provided with a letter and there were attempts to conference initiated by the Plaintiff. The Rule requires no more."); p. 4 ("a letter was sent and efforts were made to set a phone cal. Defendants did not make any effort to confer and never answered the letter. Here, Defendants made no effort. The Rule was met.").

[10] Similarly, Fed. R. Civ. P. 26(c)(1) provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the discovery where the deposition will be taken. The motion must include a certification that the movant has in good

reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also*, *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, ECF No. 75 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). "The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Mapp v. UMG Recordings, Inc.*, Civil Action No. 15-602, 2017 WL 3599166, at * 2, n. 1 (M.D. La. Aug. 21, 2017).

Although counsel were unsuccessful in scheduling a Rule 37 conference prior to filing the Motion to Compel, the undersigned is confident that if the parties proceed from this point forward in good faith, they will be able to resolve many, if not all, of the issues raised in Plaintiff's Motion to Compel via an actual Rule 37 conference. Accordingly, the court **DENIES** Plaintiff's Motion to Compel[11] without prejudice to Plaintiff's right to refile such motion, if necessary, following counsels' participation in the required Rule 37 conference.

**IT IS FURTHER ORDERED**, that in the event either party wishes to file a motion to compel (or other discovery motion) in the future in this matter, such motion must include a detailed certification setting forth the following: (a) how the conference required by this Ruling was scheduled and agreed upon, (b) who participated in the conference, (c) when the conference took place, (d) whether the conference was conducted by phone or in person, (e) the duration of the conference, (f) the specific, itemized topics that were addressed at the conference, and (g) whether

---

faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action

[11] R. Doc. 25.

any issues were resolved by the parties, and, if so, the terms of the resolution. The parties are **NOTIFIED** that failure to submit the detailed certification set forth herein will result in denial of the discovery motion.[12]

Signed in Baton Rouge, Louisiana, on November 14, 2017.

*(signature)*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] The undersigned finds it difficult to believe that counsel for the parties, proceeding in good faith and in accordance with their professional obligations, would be unable to schedule the required conference at some point during a one week period. Moving forward, any required discovery conferences should be scheduled between counsel for the parties promptly, reasonable requests to reschedule such conferences due to unforeseen conflicts should be accommodated, and both counsel should respect each other's time and other professional obligations.