UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN JACOBS                                              CIVIL ACTION

VERSUS

CAPTAIN JOHN WELLS AND                       NO: 16-CV-00865-BAJ-EWD
LIEUTENANT MICHAEL W. COLLINS.

## RULING AND ORDER

Before the Court is Defendants' **Motion for Summary Judgment (Doc. 74)**. Plaintiff filed an opposition to Defendants' Motion (Doc. 78-2). Oral argument is not required. For the reasons set forth below, Defendants Motion is **GRANTED**.

I.     BACKGROUND

This matter arises from allegations that Jonathan Jacobs ("Plaintiff") was subjected to excessive force by Captain John Wells and Lieutenant Michael W. Collins (collectively, "Defendants") while imprisoned at the Elayn Hunt Correctional Center. (Doc. 1 at p. 2). Specifically, Plaintiff alleges that on April 12, 2016, after a brief exchange of profanities between himself and Lt. Collins, Defendants sprayed Plaintiff with two different types of chemical agents. (*Id.* at ¶¶ 6-8). Plaintiff further avers that after he was sprayed, he was removed from his cell in full restraints and brought to the security offices, where Cpt. Wells turned off the lights and began beating him. (*Id.* at ¶ 9). Plaintiff alleges that he suffered from a broken ankle and leg as a result of the alleged beating. (*Id.* at ¶ 15). Plaintiff now brings claims against Defendants

1

under 42 U.S.C. § 1983.

Defendants claim that Plaintiff's actions caused him to receive multiple disciplinary charges, including two counts of "Defiance," one count of "Aggravated Disobedience," and one count of "Contraband." (Doc. 74-1 at p. 2). Defendants assert that Plaintiff pleaded not guilty to each of the disciplinary charges, but an internal disciplinary board hearing resulted in a finding that Plaintiff was in fact guilty of all of the alleged violations. (*Id.*). Plaintiff ultimately lost a total of 120 days of good time credit, 12 weeks of canteen privileges, and 12 weeks of yard privileges. (*Id.* at p. 3). Defendants now move for summary judgment in this matter pursuant to the ruling of the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994) and Federal Rule of Civil Procedure 56.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d

528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994)).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### B. Heck v. Humphrey

The rule in *Heck* provides that to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the underlying conviction or sentence has been nullified. *Heck*, 512 U.S. 477. *Heck* has been expanded to encompass prison disciplinary proceedings. *Edwards*, 520 U.S. at 646–48. Part of the *Heck* analysis requires a court to determine if the prison discipline was justified. The standard of proof required for the revocation of good time credit is exceptionally low. The Supreme Court has determined that to meet Constitutional standards, "some evidence" must be offered, even if it might be characterized as "meager." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

3

## III. DISCUSSION

In light of the exceedingly low evidentiary standard for the imposition of prison disciplinary procedures, allegations that a prisoner "did nothing wrong" are fatal to a prisoner's § 1983 claims because in such a circumstance *no* adverse prison disciplinary action would be justified. A finding that no discipline was justified is by default a collateral attack on the disciplinary procedure levied against the prisoner, a situation the *Heck* Court sought to prevent. Plaintiff makes this exact claim in his Complaint when he alleges:

> [i]t was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee, or otherwise, commit any crime. Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

A finding that Plaintiff did "nothing wrong" would necessarily undermine the result of the disciplinary proceedings wherein Plaintiff was found to have committed certain acts that resulted in the loss of certain privileges, even if it was not Plaintiff's intent to upset these findings. Plaintiff cannot now attempt to re-argue matters that were already resolved in the disciplinary proceeding by way of the instant § 1983 claim. Therefore, even when all inferences are made in Plaintiff's favor, absent some indication that the results of the disciplinary proceedings have already been deemed to have been improperly reached, Plaintiff's claim is barred by *Heck*.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendants' Motion for Summary Judgment (Doc. 74)** is **GRANTED.**

Baton Rouge, Louisiana, this 29th day of August, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA